IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs April 18, 2002

## JACK PARKS EX REL. MICHAEL PARKS v. TIMOTHY HOPKINS

**Appeal from the Chancery Court for Washington County**
**No. 33184     Thomas J. Seeley, Jr., Judge**

**FILED JUNE 20, 2002**

**No. E2001-00830-COA-R3-CV**

Jack Parks, in his capacity as Conservator for his son, Michael Parks, sued Timothy Hopkins seeking compensatory and punitive damages based upon allegations essentially reciting that the defendant wrongfully converted funds belonging to the plaintiff's ward, who is apparently incompetent to handle his own affairs. At the conclusion of the plaintiff's proof at a bench trial, the defendant moved to dismiss the complaint pursuant to Tenn. R. Civ. P. 41.02. The trial court found that the complaint was filed outside the applicable statutes of limitations and that the plaintiff had not sustained his burden of proof "under any theory." A judgment was entered dismissing the complaint in its entirety. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed; Case Remanded**

CHARLES D. SUSANO, JR., J., delivered the opinion of the court, in which HOUSTON M. GODDARD, P.J., and D. MICHAEL SWINEY, J., joined.

Jack Parks, Johnson City, Tennessee, Pro Se.

John S. Taylor, Johnson City, Tennessee, for the appellee, Timothy Hopkins.

**MEMORANDUM OPINION**

The plaintiff has raised a number of issues on appeal. Our review of the statement of the evidence signed by the trial court fails to disclose any error in the lower court's judgment. Accordingly, the judgment of the trial court is affirmed pursuant to the provisions of Tenn. Ct. App.

R. 10.[1]  Costs on appeal are assessed against the plaintiff, Jack Parks.  This case is remanded to the trial court for the collection of costs assessed there, pursuant to applicable law.

_____
CHARLES D. SUSANO, JR., JUDGE

---

[1] Rule 10 of the Rules of the Court of Appeals provides as follows:

> This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value.  When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION", shall not be published, and shall not be cited or relied on for any reason in any unrelated case.